IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JIMMY G. BLAKELY, (a/k/a JAMES      )    Civil Action No.: 4:04-22942-MBS-TER
GATEWOOD BLAKELY, JIMMY G. BLAKELY) )
                     )
       Plaintiff,             )
                     )
       v.                )
                     )    REPORT AND RECOMMENDATION
                     )
JON OZMINT, Director; WILLIE EAGLETON,  )
Warden; ROLAND McFADDEN, Asst. Warden;  )
CAPTAIN K. GREEN; and A. JOYNER,    )
                     )
       Defendants.           )
_____)

Plaintiff, Jimmy G. Blakely, ("plaintiff/Blakely") is an inmate in the custody of the South

Carolina Department of Corrections (SCDC) currently housed at Broad River Correctional

Institution ("BRCI"). Plaintiff, appearing *pro se*, filed his complaint in state court. On November 10,

2004, defendants filed a notice of removal to federal court based on plaintiff's allegations of

violations of his constitutional rights.[1]

On December 30, 2005, defendants filed a motion for summary judgment along with a

memorandum in support and affidavits. Because the plaintiff is proceeding pro se, he was advised

on or about January 4, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that

a failure to respond to the defendants' motion for summary judgement with additional evidence or

counter affidavits could result in dismissal of his complaint. Plaintiff filed a response to the motion

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the District
Judge.

for summary judgment on January 25, 2006.

# I.  DISCUSSION

The plaintiff alleges that his constitutional rights were violated because he was denied access to the courts, denied access to an indigent package, subjected to medical indifference, and denied nutrition. Specifically, plaintiff alleges as follows in his complaint:

> Plaintiff has to seek paper from other inmates in order to meet the court deadline (in his criminal matter). Plaintiff was denied his indigent package on Sept. 13, 2004. Plaintiff has not received his past due indigent package and, because the administration is attempting to hinder plaintiff's civil actions against the employers of the South Carolina Dept. of Corrections. The defendants had violated plaintiff's Fifth and Fourteenth Amendments by denying plaintiff his past due indigent package which was due to plaintiff. The indigent package contained typing paper, which was needed for legal purposes.

> On Sept. 21, 2004, Capt. Green refused to allow plaintiff to eat because plaintiff had hair, less than a 1/4 inch on his face. Plaintiff explained to Capt. Green and Major Joyner that plaintiff had not received his indigent package, therefore, plaintiff could not save.

> Plaintiff explained that plaintiff is a diabetic and had missed breakfast; plaintiff explained that his sugar was low and plaintiff needed to eat, but Capt. Green returned plaintiff to his dorm without eating. Plaintiff became sick and asked C.O. Campbell to notify medical, which he did not. Plaintiff went in a seizure and collapsed. Plaintiff was taken to medical by an inmate in a wheelchair. The inmate gave plaintiff a piece of candy to bring plaintiff's sugar back up.

> Plaintiff had been denied a diet meal and plaintiff is diabetic. Plaintiff is disable and walk with a cane. The officials, Capt. Green, major Joyner makes disable inmates, such as myself, stand at the yellow line behind all other  inmates. Plaintiff's legs are in poor health. Yet, the officials here at Evans forced the disable to walk the long way to their destination and stand long minutes at the yellow line, regardless of ones health. Plaintiff has not received any medication since plaintiff

2

arrived Sept. 13, 2004.

Plaintiff had been denied food, medication, and plaintiff's life has been threatened by Capt. Green stupidity and disrespect for plaintiff's illness. Capt. Green simply refuses to acknowledge plaintiff medical condition and refused plaintiff food.

Plaintiff would not have had a seizure if plaintiff had been allowed to eat. Yes, there are rules concerning shaving, but it was the administration whom did not give the indigent package needed for sharing, not plaintiff ignoring the rules. Plaintiff is suing the above defendants in their official and personal capacity for the unnecessary physical harm plaintiff suffered in violation of the Eighth and Fourteenth Amendment for the total amount of $350,000 per defendant.

(Complaint, doc.#1).

Defendants filed a motion for summary judgment arguing that the case should be dismissed for the following reasons, quoted verbatim:

A.    Plaintiff has failed to exhaust his administrative remedies.

B.    The Plaintiff's claims are not ripe.

C.    The plaintiff's Eighth Amendment Claim fails to allege facts sufficient to give rise to cognizable claim under 42 U.S.C. § 1983.

D.    The plaintiff is not entitled to punitive damages as the Defendant's conduct was not reckless or with callous indifference to the plaintiff's rights.

E.    The plaintiff cannot prove an Eighth Amendment inadequate medical care claim.

F.    The plaintiff has failed to effect proper service on all of the defendants and therefore the complaint should be dismissed as to all defendants.

(Memorandum, doc.# 24).

3

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of

4

law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### C.  42 U.S.C. §1997e

Defendants assert that plaintiff has failed to exhaust his administrative remedies. Defendants contend that a review of the SCDC records shows that plaintiff did not file a grievance concerning the items complained of in his complaint or events in September 2004 while incarcerated with the SCDC. Defendants argue that plaintiff never filed a formal internal administrative grievance and produces no evidence that he actually instituted a step-one grievance or carried such grievance through the intermediate or final levels.

Defendants submitted the affidavit of Janice Montgomery who attests that she is employed with the SCDC as Inmate Grievance Administrator. Montgomery attests that her duties include receiving, reviewing, investigating, and responding to grievances filed by SCDC inmates. Montgomery attests that "a review of SCDC records shows that Inmate Blakely did not file a grievance while incarcerated within the McCormick Correctional Institution from August 2004, to October 2004, concerning access to the courts, indigent packages, food limitation or medical care except those noted. The two noted were not fully appealed." (Doc. #24).

Plaintiff argues in his response in opposition to defendants' motion for summary judgment that the PRLA does not apply in his case because plaintiff did not file in federal court. Plaintiff asserts that he filed in state court and defendants removed the case to federal court thereby the PLRA issue is moot.

Plaintiff's claims should be dismissed because he has failed to exhaust his administrative

remedies as required by 42 U.S.C. § 1997e irregardless that this action was brought in state court and removed to federal court.[2]  In fact, in <u>Blakely v. South Carolina Department of Corrections, et al.,</u> C/A No.: 4:02-1636-24BH, the Honorable Margaret B. Seymour, United States District Court Judge, held that "plaintiff may not circumvent his available state administrative remedies by bringing an action in state court, as long as his claims are cognizable under § 1983."[3]  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  <u>Id.</u> § 1997e(a).  Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  <u>Booth v. Churner</u>, 532 U.S. 731, 741

---

[2] In the case of <u>Ballenger v. John Barkley, SCDC Inmate Service Coordinator</u>, 2004 WL 3312032 (D.S.C.), plaintiff originally brought the action alleging that his constitutional rights were violated when the defendant opened and delayed delivery to the plaintiff of a single piece of the plaintiff's legal mail in state court. The defendant removed the case to federal court. Although this issue was not directly addressed, the Honorable R. Bryan Harwell, District Court Judge for South Carolina, held plaintiff's claims were subject to dismissal for failure to exhaust his administrative remedies.

Also, in the case of <u>Alexander v. Walker</u>, 2003 WL 297536 (N.D. Cal.), the court held that "This action was originally filed in state court on October 22, 2001, and was removed to federal court on January 31, 2002. The administrative appeals process was not completed before this action under 42 U.S.C. §1983 was brought. The language of §1997e does not appear to be limited to actions filed in federal court by prisoners, and the court has not located any authority not to apply §1997e to removed actions." <u>Id</u>.

[3]This court may take judicial notice of this case. <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

(2001)[4];  *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).

    In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step 1 grievance about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains.  The Warden will respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance.  If the inmate is not satisfied with the Warden's response, he or she must  file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden.  A responsible official will have *sixty (60) days* to respond to the Step 2 grievance.  The decision of the "responsible official" who answers Step 2 is SCDC's final response in the matter. Only after completing both Steps in the SCDC grievance process may an inmate properly file an "exhausted" section 1983 action.  *See* 42 U.S.C. § 1997e.

    The undersigned has reviewed the arguments, case law cited, and the exhibits presented and concludes that plaintiff has failed to exhaust his administrative remedies. On February 26, 2002, the

---

    [4]In the decision of Booth v. Churner, supra, a state prisoner brought a § 1983 action alleging use of excessive force by prison guards in violation of Eighth Amendment. The United States Supreme Court held that the Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action.

United States Supreme Court held that the Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, supra. In Al-Shabazz v. State, 527 S.E. 2d 742 (S.C. 2002), the South Carolina Supreme Court determined that an inmate may seek review of administrative or noncollateral matters under the South Carolina Administrative Procedures Act (APA). The Supreme Court noted that there exist established disciplinary and grievance procedures that result in a final decision by SCDC. The manner of reviewing those decisions, however, had been unsettled. The Supreme Court concluded that, because SCDC is an agency for purposes of the APA, "the most practical and obvious solution is that SCDC's final decisions, like those of other agencies, are subject to review pursuant to the APA." Id. at 752. Thus, an inmate may file and serve a notice of appeal of an SCDC final decision to an administrative law judge within thirty days from receipt of written notice of the decision. Id at 754. Thereafter, the inmate is entitled to judicial review of the final decision in a noncollateral or administrative matter. Id. The inmate may obtain judicial review of the administrative law judge's decision by filing a petition with the state circuit court and serving the petition on the opposing party not more than thirty days after the inmate receives the final decision and order of the administrative law judge. Id. The inmate thereafter may seek appellate review of the final judgment of the circuit court. Id. at 756. Plaintiff has not accomplished these steps. Therefore, the undersigned recommends that summary judgment be granted in favor of the defendants on this issue.

### III. CONCLUSION

Based on the above reasons, it is RECOMMENDED that defendants' motion for summary

judgment (doc. # 24) be GRANTED, but only to the extent that this action be dismissed without prejudice to allow  plaintiff to exhaust his administrative remedies.


                                                    Respectfully Submitted,


                                                    s/Thomas E. Rogers, III_____
                                                    Thomas E. Rogers, III
                                                    United States Magistrate Judge

June 23, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
