IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmy G. Blakely, #255623 ) | |
| ) | C/A No.: 4:04-22942-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Jon Ozmint, Director; Willie Eagleton, ) | |
| Warden; Roland McFadden, Asst. Warden; ) | |
| K. Green, Captain; and A. Joyner, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jimmy G. Blakely is an inmate in custody of the South Carolina Department of Corrections ("SCDC") currently housed at Broad River Correctional Institution. Plaintiff, appearing pro se, alleges that he was denied access to the courts, deprived of an indigent package, subjected to medical indifference, and denied nutrition. On October 5, 2004, Plaintiff filed suit in state court alleging violations of his constitutional rights while he was incarcerated at Evans Correctional Institution.[1] On November 10, 2004, Defendants filed a notice of removal to federal court.

This matter is before the court on Defendants' motion for summary judgment filed December 30, 2005. Motion for Summary Judgment (Entry 24-1). Among other things, Defendants assert that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies as mandated by 42 U.S.C. § 1997e(a). Id. at 2-3. By order filed January 4, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed

---

[1] The state court action, Jimmy G. Blakely v. John Ozmint, Case No. 04-CP-40-4710, was filed in the Court of Common Pleas for Richland County, South Carolina.

a response to Defendants' motion on January 25, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On June 23, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted to the extent that the within action be dismissed to allow Plaintiff to exhaust his administrative remedies. Report and Recommendation, 8-9 (Entry 33). Plaintiff filed objections to the Report on July 11, 2006. Plaintiff's Opposition to Report and Recommendation (Entry 34-1).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In the motion for summary judgment, Defendants argued that Plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which requires that an inmate exhaust all administrative remedies before filing a civil rights action concerning the conditions of his confinement. Motion for Summary Judgment, 2 (Entry 24-2). The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants stated that Plaintiff never filed a grievance concerning the claims raised in the instant complaint with the SCDC while he was incarcerated there, nor did he file a formal internal administrative grievance. Motion for Summary Judgment, 3. Defendants argued that Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Id.

In Plaintiff's response to Defendants' motion for summary judgment, Plaintiff argued that he was not bound by the PLRA's administrative exhaustion requirements because he did not file his case in federal court. Plaintiff's Opposition to Summary Judgment, 1 (Entry 26-1). Plaintiff asserted that § 1997e only "requires prisoners 'filing' under 42 U.S.C. § 1983 or any federal law to exhaust administrative remedies before filing a legal complaint concerning conditions of confinement." Id. at 2. Plaintiff stated that Defendant's PLRA argument was moot. Id. at 3.

The Magistrate Judge disagreed with Plaintiff's characterization of the PLRA, finding that Plaintiff was required to exhaust his administrative remedies under the PLRA irrespective of whether the action was initially brought in state court and later removed to federal court. Report, 6. The Magistrate Judge noted that in Blakely v. South Carolina Department of Corrections, et al., C/A No. 4:02-1636-24BH, this court held that Plaintiff could not "circumvent his available state administrative remedies by bringing an action in state court, as long as his claims are cognizable under § 1983." Report, 6. The Magistrate Judge also cited other case law standing for the proposition that the PLRA's requirements apply to prisoners filing in state and federal court alike. Id. See, e.g., Alexander v. Walker, No. C 02-578 SI (PR), 2003 WL 297536, at *2 (N.D. Cal. Feb. 10, 2003) ("The language of § 1997e does not appear to be limited to actions filed in federal court by prisoners . . . ."); Porter v. Nussle, 534 U.S. 516, 532 (2002) (finding that "the PLRA's exhaustion

3

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). The Magistrate Judge concluded that "before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process." Report, 6.

Plaintiff now argues that the Magistrate Judge erred in concluding that he failed to exhaust his administrative remedies. Plaintiff's Opposition to Report and Recommendation, 1-4. In addition to arguing that he should not be bound by the PLRA since he filed in state court, Plaintiff also asserts that he was "not required to utilize the grievance procedure" because it could not provide monetary compensation for physical injuries resulting from constitutional torts;[2] that he "did file a grievance and was not answered"; and that SCDC does not keep records of the grievances that are not processed. Id. at 3.

The court concurs in the Magistrate Judge's ruling. Plaintiff's argument that the PLRA exhaustion requirements apply only when a prisoner sues in federal court is without merit. The statute does not make such a differentiation, and the case law cited by the Magistrate Judge indicates that there is no such distinction. See Report, 5-8. Further, exhaustion requires that an inmate complete all steps of the administrative process available to him, including pursuing the appropriate appellate review. See Booth v. Churner, 532 U.S. 731, 735 (2001) (noting that Booth, who conceded nonexhaustion in the lower proceeding, "did not, however, go beyond the first step, and never sought intermediate or final administrative review after the prison authority denied relief); Gibson v. Goord,

---

[2] Plaintiff also claims that associate warden Mcfadden "informed" him that "the grievance procedure could not compensate for his injuries, so . . . . Plaintiff would not be receiving answer [sic] from the grievance." Id. at 3.

4

280 F.3d 221, 223 (2d Cir. 2002) (noting plaintiff had not pursued the available remedy of filing a "level two grievance").[3] Even if the grievance procedure does not provide the remedy Plaintiff seeks, he is still required to exhaust those options before filing suit. See Booth, 532 U.S. at 741 ("The Supreme Court has held that 'Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.'"). Thus, while Plaintiff is free to file such a suit in federal or state court, he is required to first exhaust all available grievance procedures.

## CONCLUSION

The court adopts and incorporates herein by reference the Report and Recommendation. Defendants' motion for summary judgment is **granted** to the extent that it asserts the case should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by § 1997e(a).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

September 29, 2006

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[3] Thus, even assuming Plaintiff did submit a grievance that was not processed, he still have failed to exhaust all administrative remedies by not pursuing the claim beyond the first level.